**FILED**
**Mar 01, 2022**
**08:30 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **THOMAS ERICKSON,** | ) | **Docket No. 2020-08-0880** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | |
| **Employer,** | ) | |
| **And,** | ) | **State File No. 4142-2020** |
| **AGRI GENERAL INS. CO.,** | ) | |
| **Carrier,** | ) | |
| **And,** | ) | |
| **ABIGAIL HUDGENS, as** | ) | |
| **ADMINISTRATOR** | ) | **Judge Allen Phillips** |
| **of the BUREAU OF WORKERS'** | ) | |
| **COMPENSATION, SUBSEQUENT** | ) | |
| **INJURY AND VOCATIONAL** | ) | |
| **RECOVERY FUND.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

Mr. Erickson requested temporary total disability benefits for lost time he claimed was made necessary by a February 2019 injury. Federal Express denied that Mr. Erickson sustained an injury in 2019. The Court heard the issue at an Expedited Hearing on February 8, 2022 and agrees with Federal Express.

### History of Claim

Mr. Erickson claimed Federal Express owed him temporary total disability beginning September 30, 2020, the date he underwent a back surgery by Dr. Samuel Schroerlucke. At the time he filed his hearing request, Mr. Erickson said the surgery was made necessary by an injury caused by using a sledgehammer on February 28, 2019. He said that he reported the injury to his supervisor the same day.

Mr. Erickson also said that he received non-work-related long-term disability benefits, but those "were recently terminated." After that termination, he asked Federal Express to begin paying the requested benefits. Mr. Erickson contended Dr. Schroerlucke

1

was an authorized physician, and the restrictions he placed on his activities entitled him to the benefits. Federal Express refused, asserting that it provided treatment from Dr. Schroerlucke under the future medical provisions of an earlier settlement agreement, and it did not owe additional disability benefits.

The referenced settlement agreement resolved Mr. Erickson's claim for a May 27, 2016 back injury that resulted in surgery by Dr. Glenn Crosby. As part of the agreement, Federal Express agreed to pay for future medical treatment with Dr. Claiborne Christian as the authorized physician.[1]

Mr. Erickson saw Dr. Christian in 2018 because of ongoing low-back pain from the May 2016 injury, but he continued to work. Mr. Erickson returned to Dr. Christian in March 2019 and complained of pain that was "constant and worse after activity," but he did not report a new injury. Dr. Christian obtained an MRI and thought Mr. Erickson needed to see a "spine specialist." Mr. Erickson chose Dr. Schroerlucke from a panel offered by Federal Express.

Before seeing Dr. Schroerlucke, Mr. Erickson returned on his own to Dr. Crosby in June 2019. He told Dr. Crosby that he returned to work after his 2016 surgery and had no problems at work until *April* 2019. Dr. Crosby ordered an MRI and believed Mr. Erickson needed a spinal fusion.

Mr. Erickson offered Dr. Crosby's affidavit, who said the following as to causation:

I am in the best position to state the cause because only I had the opportunity to treat Mr. Erickson both before the 2019 injury and after the 2016 surgery. In my opinion to a reasonable degree of medical certainty, the surgery was due to his continued work as a welder moving heavy objects <u>over time</u>. (Emphasis in original). These arduous activities . . . together with the use of a sledgehammer, made the fusion . . . medically necessary and was, in my opinion, 75%-80% of the cause of his work injuries. . . . In short, this is not a specific injury event, but rather a gradual injury over time.

For its part, Federal Express offered Dr. Christian's affidavit, in which he said Mr. Erickson's need for treatment was more than fifty percent related to the 2016 injury. He further said he reviewed an affidavit, in which Mr. Erickson related the sledgehammer event in February 2019; he confirmed the statement in his record that Mr. Erickson did not tell him about that incident. Finally, Dr. Christian said he believed the need for a fusion was more than fifty percent related to the 2016 injury because of spine instability due to the 2016 surgery.

Federal Express also offered Dr. Schroerlucke's affidavit. He said he first saw Mr. Erickson in December 2019 upon Dr. Christian's referral, and that Mr. Erickson told him

---

[1] The evidence is silent as to why Dr. Crosby was not designated.

about the 2016 injury and surgery. Dr. Schroerlucke agreed with Dr. Crosby that Mr. Erickson needed a spinal fusion, and he agreed with Dr. Christian that it was needed to repair instability. He said the need was more than fifty percent related to the 2016 injury. Finally, like Dr. Christian, he said Mr. Erickson "at no time" told him about a February 2019 injury.

Mr. Erickson offered two of his own affidavits. In the first, filed at the time of his hearing request, he said, "I was injured on or about 2-28-19 [when] I was working on a piece of equipment using a sledgehammer[.]"  In the second, filed after Federal Express filed its brief, he said that "while I had not had a new distinct injury (i.e., I use a sledgehammer every day at work), I had increasing lower back and left leg pain." He said he told Dr. Christian in March 2019 that he had not been able to work for the last three weeks and that was "how I arrived at the injury date of February *29*, 2019 because it was three weeks prior to" the visit.

Mr. Erickson also said in his second affidavit that he was not surprised that his supervisor, Jackie Hankins, denied that he reported the injury, since he "mentioned it to him in passing, informing him that I was having problems with my back again." Mr. Erickson said that when Mr. Hankins asked him what was wrong, he "said this sledgehammer and this heavy work." He also said Dr. Crosby's notation of an April 2019 onset should have read February.

At the hearing, Mr. Erickson testified that he "believed" his injury was gradual and said his pain began in *January* 2019 because of his "very physical" work. He said he used a sledgehammer "pretty much every day." He said he told Mr. Hankins of his pain when it became "unbearable," but he "didn't know what was wrong."

Federal Express confronted Mr. Erickson with his inconsistent histories regarding the date of injury. It specifically pointed out there was no February 29 in 2019, and that the choice of physician form which included Dr. Schroerlucke listed a date of injury of May 2016, not 2019. Additionally, Mr. Erickson conceded he changed his description of a specific incident in his first affidavit to a gradually-occurring injury. Finally, in an affidavit, Mr. Hankins said Mr. Erickson never reported an injury in February 2019, and he maintained that position when Mr. Erickson cross-examined him.

**Findings of Fact and Conclusions of Law**

At this Expedited Hearing, Mr. Erickson must show he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021).

To qualify for temporary total disability benefits, Mr. Erickson must show: (1) that he became disabled from working due to a compensable injury; (2) that there is a causal connection between the injury and his inability to work; and (3) the duration of the period of disability. *Hibbitts v. Royal d/b/a Royal Guttering*, 2021 TN Wrk. Comp. App. Bd.

3

LEXIS 10, at *6 (Mar. 23, 2021). The Court finds he did not prove his disability resulted from any injury in 2019.

Rather, the evidence supports a finding that Mr. Erickson's disability resulted from the 2016 injury. Both Drs. Christian and Schroerlucke said so. Conversely, even though Dr. Crosby said the 2019 "injury" caused the disability, he pointed to an April 2019 onset, inconsistent with Mr. Erickson's allegations. Moreover, Mr. Erickson provided other inconsistent dates of injury, in both the medical records and in his sworn testimony before and at the hearing. Finally, he changed his theory to a gradually-occurring injury from one resulting from a specific incident.

Under law, an employee's entitlement to temporary total disability benefits ends when he either reaches maximum medical improvement or is able to return to work. *Smith v. TrustPoint Hosp., LLC*, 2021 TN Wrk. Comp. App. Bd. LEXIS 1, at *22 (Jan. 26, 2021). Mr. Erickson reached maximum medical improvement from his 2016 injury long ago and then returned to work. Thus, he cannot recover further temporary disability benefits for treatment of that injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Erickson's request for temporary total disability is denied.

2. The Court sets a Status Hearing on **Monday, April 11, 2022, at 10:30 a.m. Central Tim**e. The parties must call 731-422-5263 or toll-free 855-543-5038 to participate in the hearing.

**ENTERED March 1, 2022.**


_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Exhibits
1. Collective Medical Records of Drs. Christian, Crosby and Schroerlucke
2. Wage Statement
3. Affidavit of Dr. Claiborne Christian
4. Affidavit of Dr. Samuel Schroerlucke
5. Affidavit of Jacky Hankins
6. Affidavit of Dr. Glenn Crosby
7. Affidavit of Mr. Erickson
8. Second Affidavit of Mr. Erickson
9. Employee's Choice of Physician Form (C-42)
10. Copy of February 2019 calendar

Technical Record
1. Request for Expedited Hearing
2. Plaintiff's Motion to Compel Payment of TTD Benefits
3. Employer's Pre-Hearing Brief Opposing Employee's Request
4. Subsequent Injury Fund's Response to Employee's Request
5. Employee's Motion for Extension of Time to Obtain Affidavit of Dr. Glenn Crosby and to File a Response to Employer's Brief
6. Employer's Response in Opposition to Employee's Request for Extension of Time
7. Order Continuing Expedited Hearing
8. Employee's Response to Employer's Brief in Opposition
9. Employer's Supplemental Pre-Hearing Brief
10. Order Resetting Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 1, 2022.

| Name | Via Email | Service sent to: |
|---|---|---|
| Steve Taylor, Employee's Attorney | X | staylor@tcmfirm.com |
| Stephen P. Miller, Employer's Attorney | X | smiller@mckuhn.com mdoherty@mckuhn.com |
| Timothy Kellum, Subsequent Injury Fund Attorney | X | timothy.kellum@tn.gov |

_Penny Shrum_

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## Affidavit of Indigency

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries      $ _____ per month      Telephone     $ _____ per month

Electricity      $ _____ per month      School Supplies $ _____ per month

Water      $ _____ per month      Clothing     $ _____ per month

Gas      $ _____ per month      Child Care     $ _____ per month

Transportation $ _____ per month      Child Support   $ _____ per month

Car      $ _____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____